**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-26040-CIV-MARTINEZ**

YONISLEY QUINTANA SANTOS,

Petitioner,

v.

MARKWAYNE MULLIN, Secretary,
U.S. Department of Homeland Security,
*et al.*,

Respondents.
_________________________________________/

**ORDER**

**THIS CAUSE** is before the Court on Petitioner Yonisley Quintana Santos's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition"), [ECF No. 1]. Petitioner challenges his immigration detention without having been afforded an individualized bond determination. (*See generally* Pet.). In accordance with 28 U.S.C. § 2243, the Court issued an Order directing Respondents to show cause why the Petition should not be granted. (September 2, 2026 Order [ECF No. 4]). Respondents filed their Response on September 7, 2026 ("Response") [ECF No. 5], and Petitioner filed a Reply on September 10, 2026, [ECF No. 8]. The Court has considered the briefing, the record, and applicable law and is otherwise fully advised. For the following reasons, the Petition is **GRANTED IN PART**.

Petitioner is a native and citizen of Cuba who has resided in the United States since April 2024. (Pet. ¶¶ 1–2). On April 9, 2024, Petitioner was paroled into the country by the Department of Homeland Security ("DHS"), who released Petitioner into the country for more than two years before his present detention. (*Id.* ¶ 2). On the afternoon of August 28, 2026, immigration officials

arrested and detained Petitioner after encountering him during a vehicle stop. (*Id.* ¶ 5; Resp. 2). At the time of his detention, Petitioner had a pending application through which he sought lawful permanent resident status in the United States; that application remains pending. (Pet. ¶ 29). As of the filing of the Petition, Petitioner was confined at the Miramar ICE Processing Center in Miramar, Florida, and had continuously been detained since August 28, 2026. (*Id.* ¶¶ 36–38).

Petitioner now asks the Court to order, *inter alia*, that Respondents must immediately release him from custody under reasonable conditions consistent with the liberty previously afforded to him pursuant to DHS's parole determination. (*Id.* ¶ 110). Alternatively, Petitioner seeks a "prompt and constitutionally adequate individualized custody hearing at which the Government bears the burden of establishing that Petitioner's continued detention is necessary." (*Id.* ¶ 111). Respondents argue Petitioner is subject to mandatory detention because he is an arriving alien. (*See generally* Resp.). Respondents attempt to distinguish the Eleventh Circuit's recent decision in *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258 (11th Cir. 2026) by explaining that the petitioners in those cases were discovered in the interior of the United States rather than at the border. (*See* Resp. 3–5).

The Eleventh Circuit was clear that "[t]he text and statutory structure of the INA, bolstered by the long history of detention across our immigration laws and the congressional purpose in passing IIRIRA, yield the conclusion that no-bond detention generally applies to arriving aliens seeking lawful entry to the country, and not to aliens who are simply present here." *Hernandez Alvarez*, 175 F.4th at 1262. The Eleventh Circuit further explains "[t]he INA's text confirms that the two relevant sections on detention govern distinct classes of aliens: § 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior. By

interpreting § 1225 to stretch far beyond the border and ports of entry, the Government vitiates this longstanding distinction." *Id.* at 1276.

While Respondents are correct that Petitioner was initially detained as an arriving alien (*see* Resp. 3), he was then paroled into the United States and given authorization to remain, (*see* Resp. 2). Petitioner has been continuously present in the United States for over two years and was apprehended by ICE then detained while he was in the interior of the United States — not at a border or port. (*See* Pet. ¶ 2; Resp. 2). While the expiration of § 1182(d)(5)(A) parole returns the parolee "to the custody from which he was paroled," courts across the country have held that the expiration of § 1182 parole does not require treating the alien as if he had never been paroled in the first place. *See Daniel Sylvaince v. Warden, Miami Federal Detention Center FDC, E.K. Carlton, et al.*, No. 26-CV-23991-RAR, 2026 WL 2568522, at *3 (S.D. Fla. Aug. 31, 2026); *see also Zaga Tawil v. Cardinal*, No. 26-22521, 2026 WL 2198539, at *5 n.2 (S.D. Fla. July 30, 2026) (collecting cases). Instead, these courts reason that "[s]ection 1182(d)(5)(A) suggests that rather than reverting to any prior status, a noncitizen whose parole has expired is treated like the vast majority of undocumented immigrants currently living in this country who are not subjected to expedited removal." *Rodriguez Valencia v. Noem*, No. 26-cv-00297, 2026 WL 730318, at *5 (M.D. Fla. Mar. 16, 2026) (quoting *Rodriguez-Acurio v. Almodovar*, 811 F. Supp. 3d 274, 302 (E.D.N.Y. 2025)).

Accordingly, "based on the border-interior distinction" established "in § 1225 and § 1226, an alien like Petitioner—who is re-detained in the interior after living in the United States for years—is properly re-detained only under § 1226(a)." *Zaga Tawil*, 2026 WL 2198539, at *5 n.2. And as the Supreme Court has made clear: "Federal regulations provide that aliens detained under

§ 1226(a) receive bond hearings at the outset of detention." *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The Petition **[ECF No. 1]** is **GRANTED IN PART as follows**:

   a. Respondents shall **FORTHWITH** afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or otherwise release Petitioner. The bond hearing must take place no later than **September 18, 2026**.

   b. **On or before September 21, 2026**, Respondents shall file a Status Report informing the Court of whether Petitioner was given a bond hearing, and if so, the outcome of Petitioner's bond hearing and the status of matters relevant to the Petition.

2. The Clerk of Court is **DIRECTED** to **ADMINISTRATIVELY CLOSE** this case pending compliance with this Order and until further Order of the Court.

3. The Court retains jurisdiction to address matters that may arise with respect to the Petition or this Order.

**DONE AND ORDERED** in Miami, Florida, this 11 day of September 2026.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

cc: all counsel of record